UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DANIEL BOONE NEWMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:17-CV-691-JD-MGG |
| MICHAEL D. GRZEGOREK, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Daniel Boone Newman, a prisoner without a lawyer, has filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Newman alleges that he is housed as a pretrial detainee in the medical wing at the St. Joseph County Jail, where he is locked in his cell for 23 hours per day. He alleges that the same correctional staff members review grievances at each level of review and that Sheriff Grzegorek and Warden Lawson have never reviewed his grievances. In the grievances attached to his complaint,[1] he alleges that he is not permitted to attend church services or bible study. Citing his

---

[1]The grievances attached to the complaint are "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

experience in the food service industry, he also complains that he is often served cold food and that the food service employees place their personal drinks on the food cart. Newman also complains that he does not receive enough paper for his criminal and civil cases or sufficient access to the law library. He seeks money damages and injunctive relief to correct these conditions.

Notably, Newman challenges the policies and practices of the St. Joseph County Jail rather than the personal conduct of the individual defendants. To pursue a claim under Section 1983 against a local government unit, a plaintiff must show that his injury was the result of that unit's official policy or custom. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). The sheriff's department operates the county jail, which is not itself a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). "Furthermore, sheriff's department acts independently of a county board of commissioners." *Argandona v. Lake Cty. Sheriff's Dep't*, 2007 WL 518799, at *3 (N.D. Ind. 2007) (citing *Donahue v. St. Joseph Cty. ex rel. Bd. of Comm'rs of St. Joseph Cty.*, 720 N.E.2d 1236, 1241 (Ind. Ct. App. 1999)). Also, "§ 1983 suits against sheriffs in their official capacities are in reality suits against the county sheriff's department." *Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998). Accordingly, Sheriff Grzegorek in his official capacity is the sole proper defendant. County Commissioners Andrew Kostielney, Deborah Fleming, and Dave Thomas, and Warden Lawson are dismissed.

Newman alleges that Sheriff Grzegorek maintained policies and practices that resulted in violations of the Fourteenth Amendment by keeping him locked in a cell for 23 hours per day and by failing to train food service employees. Newman's constitutional rights "as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment." *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). "[T]he proper question to guide determination of the legality of conditions of confinement in pretrial detention pursuant to the Due Process Clause is whether those

conditions amount to punishment of the detainee." *Davis v. Wessel*, 792 F.3d 793, 800 (7th Cir. 2015). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not rationally related to a legitimate nonpunitive governmental purpose or that the actions appear excessive in relation to that purpose." *Id*. The conditions described by Newman may amount to punishment in violation of the Fourteenth Amendment. He may thus proceed on this claim.

Newman alleges that the policies and practices with respect to the grievances process violate his Fourteenth Amendment right to procedural due process. However, "[a]n inmate has no Constitutional right to file grievances at the institution in which he is confined." *Perales v. Bowlin*, 644 F. Supp. 2d 1090, 1101 (N.D. Ind. 2009); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Because a faulty grievance procedure does not violate the Constitution, this claim is dismissed.

Newman alleges that the policies and practices with respect to writing materials and access to the law library violated his right of access to the courts. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, Newman must "spell out, in minimal detail" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.* Although Newman references several criminal and civil cases in his grievances, he does not explain how the limited access to writing materials and to the law library prejudiced his claims in those cases. Therefore, this claim is dismissed.

Newman alleges that the jail policy preventing him from attending church services and bible study violates his right to practice his religion. "[T]he protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532, (1993). To establish a Free Exercise Clause violation, an inmate must establish that the government imposed a substantial burden on his ability to practice his religion. *Kaufman v. McCaughtry*, 419 F.3d 678, 682 (7th Cir. 2005). The court then considers whether "legitimate penological interests outweigh the prisoner's religious interests." *Id.* "Several

4

factors are relevant in reaching a determination, such as whether there is a connection between the regulation and a valid and neutral government interest; whether there are alternative means of exercising the constitutional right; and the impact that accommodation of the asserted right will have on guards, inmates, and the allocation of prison resources." *Bridges v. Gilbert*, 557 F.3d 541, 548 (7th Cir. 2009). Though correctional staff may have prevented Newman from attending religious services for legitimate reasons, the complaint suggests that Newman's ability to practice his religion was substantially burdened. Newman thus adequately states a claim against Sheriff Grzegorek for preventing him from attending church services and bible study in violation of Free Exercise Clause of the First Amendment.

For these reasons, the court:

(1) **GRANTS** Daniel Boone Newman leave to proceed on a claim against Sheriff Michael D. Grzegorek in his official capacity for money damages for the jail policy or practice of keeping Newman in his cell for 23 hours per day and failing to train food service employees in violation of the Due Process Clause of the Fourteenth Amendment.

(2) **GRANTS** Daniel Boone Newman leave to proceed on a claim against Sheriff Michael D. Grzegorek on an injunctive relief claim on the time he must spend in cell and food service practices as required by the Due Process Clause of the Fourteenth Amendment.

(3) **GRANTS** Daniel Boone Newman leave to proceed on a claim against Sheriff Michael D. Grzegorek in his official capacity for money damages for the jail policy or practice preventing Newman from attending church services and bible study in violation of the Free Exercise Clause of the First Amendment;

(4) **GRANTS** Daniel Boone Newman leave to proceed against Sheriff Michael D. Grzegorek on an injunctive relief claim to be allowed to attend church services and bible study as required by the Free Exercise Clause of the First Amendment;

(5) **DISMISSES** Julie Lawson, Andrew Kostielney, Deborah Fleming, and Dave Thomas;

(6) **DISMISSES** all other claims;

(7) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Sheriff Michael D. Grzegorek at the St. Joseph County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(8) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sheriff Michael D. Grzegorek respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Daniel Boone Newman has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: January 9, 2018

                                                  /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court